**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| VALENTINE AKPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 18-cv-07512 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| NORTHWESTERN MEMORIAL, | ) | Jury Demanded |
| HEALTHCARE and NORTHWESTERN | ) | |
| MEMORIAL HOSPITAL | ) | |
| | ) | |
| Defendant. | ) | |

_____

## DEFENDANTS' ANSWER TO PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS ("PSOF")

_____

1. On 12/06/2018, Plaintiff pro se ("Akpa"), filed this lawsuit asserting that he was wrongfully discriminated against due to his race (black) and national origin (Nigerian) in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). His claims stem from his February 24, 2018 application for Northwestern Medicine's ("Northwestern") 2018/2019 CPE residency (Doc. #1, Complaint).

**ANSWER:** Admitted.

2. Akpa is a Black person of Nigeria national origin. (Doc. #1, Complaint, p. 6, ¶s 1,2).

**ANSWER:** Admitted.

3. Akpa's race and national origin was clear from the application materials (Declaration of Valentine Akpa ("Decl of Akpa") ¶ 3)

**ANSWER:** Defendants object to Plaintiff's Statement No. 3 to the extent it characterizes documents—application materials—produced in this case as "clear" as the characterization lacks evidentiary support. Subject to and without waiving the objection, admitted.

**Background**

1

4.      On February 13, 2018, Akpa emailed Susan Curran, administrative assistant for Defendants' CPE programs, asking if there were positions available for Northwestern's CPE Residency program. (Tab D, Exhibit 7, p. 4; Doc. #298, Defendants Statement of Undisputed Facts ("DSOF"), Tab C, Akpa Dep., p. 60 ¶s 19-22; p. 62 ¶s 18-24; p. 63 ¶s 7-14; p. 64; p. 83 ¶s 20-24).

**ANSWER:**      Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Defendants also object that Plaintiff did not dispute Defendants' Rule 56.1 Statement of Undisputed Material Facts (Def's Facts, ¶ 24) with respect to the matters addressed in this statement.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff emailed Susan Curran on February 13, 2018 and in that email inquired, among other things, whether Northwestern Memorial Hospital had a residency program.  (See Def's Facts, ¶24; and Tab C (Akpa Dep., p. 59), and Tab I (Dec. of Susan Curran, ¶9 and Ex. 5 (NMH-E-002709)) thereto.))  Defendants submit, however, that whether Plaintiff inquired specifically about the availability of a residency position on February 13, 2018 is not an issue of material fact.

5.      Susan Curran sent Akpa the CPE residency application materials and stated thus, "we are interviewing for the summer program, but there are still spots and you are welcome to apply" (see Tab D, Exhibit 7, p. 4).

**ANSWER:**      Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Subject to and without waiving the objection, Defendants admit that Susan Curran responded to the email referenced in this statement on February 13, 2018 and in her response stated that "[w]e are interviewing for the summer program, but there are still spots and you are welcome to apply." Defendants dispute that Curran sent Plaintiff CPE residency application materials and state that the materials attached to Curran's response referenced the Summer 2018 CPE program and did not reference the residency program. (See Def's Facts, ¶25; and Tab C (Akpa Dep., p. 61), and Tab I (Dec. of Susan Curran, ¶10 and Ex. 6 (NMH-E-002716-18)) thereto.))  Defendants submit, however, that whether Curran sent residency-specific materials to Plaintiff on February 13, 2018 is not an issue of material fact.

6.      On February 24, 2018, Plaintiff submitted his complete application packet for the 2018/19 CPE Residency. Curran replied thus, "...[w]e have received materials for application to

2

requirements for our program..." (Tab D, Exhibit 7, pp. 3-4).

**ANSWER:**    Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Subject to and without waiving the objection, Defendants admit that Plaintiff submitted application materials for the 2018-2019 CPE Residency on February 24, 2018.   Defendants dispute that Plaintiff submitted a complete application packet for the residency program on February 24, 2018.  (See Def's Facts, ¶26; and Tab C (Akpa Dep., p. 61), and Tab I (Dec. of Susan Curran, ¶12-13 and Exh. 8 (NMH-E-002663-64) and 9 (NMH-E-002828-30) thereto.) See also Plaintiff's Tab D, Exh. 7, p. 3 (February 26, 2018 email from Clinical Pastoral Education to Plaintiff.))   Defendants submit, however, that whether Plaintiff's application packet was complete on February 24, 2018 is not an issue of material fact.

7.      On March 1, 2018, Curran acknowledged receipt of Plaintiff's complete application materials, stating that "I have received from you, our three required essays. Your materials have been sent to the supervisors for review..." (Tab D, Exhibit 7, p. 2).

**ANSWER:**    Defendants object to this statement because it is based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objection, admitted.

8.      On March 6, 2018, Curran requested application fees from Akpa and provided directions to Defendants' office address to Plaintiff. On March 8, 2018, Plaintiff traveled to Defendant's office and paid the application (Tab D, Exhibit 7, p. 1).

**ANSWER:**    Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objection, the emails included at Plaintiff's Tab D, Exh. 7 show an email from Susan Curran (via the Clinical Pastoral Education email account) to Plaintiff dated March 1, 2018 in which Curran acknowledges sending Plaintiff's application materials to the supervisors for review, and advises "I will notify you if they ask for anything else, or if there are any next steps."  The emails included at Plaintiff's Tab D, Exh.7 also show emails from Plaintiff to Curran asking about where to submit the application fee in person and from Curran to Plaintiff acknowledging receipt of the fee.  The emails do not, however include an email in which "Curran requested application

from Plaintiff is not an issue of material fact.

9.      On March 13, 2018, Curran acknowledged that she received the application fee, stating that, "...Mark has relayed your application fee to me and it is on it's[sic] way to accounting..." (Tab D, Exhibit 7, p. 1)

**ANSWER:**      Defendants object to this statement because it lacks evidentiary support and because

it is based on materials that are not admissible as evidence.  Subject to and without waiving the

foregoing objections, admitted.

10.      Mark Bradley, the manager and decision maker, had no doubt that Akpa applied for the 2018 CPE Residency at Northwestern (Tab B, Exhibit 1, Bradley Dep., p. 165, ¶s 21-24).

**ANSWER:**      Admitted.

11.      The job promotional noted that "there is no closing date for applications." The job promotional noted that "one completed unit of CPE is required to apply" (Tab D, Exhibit 8, Residency Promotional 2018/2019).

**ANSWER:**      Defendants object to this statement because it is based on materials that are not

admissible as evidence.  Subject to and without waiving the foregoing objection, Defendants admit

that the document attached at Plaintiff's Tab D, Exhibit 8, entitled "Clinical Pastoral Education

Program Residency Program" includes the language cited in Statement No. 11.  Defendants dispute

that Statement No. 11 is a complete or accurate statement of the contents of the document, but

submit that the dispute is not one of material fact.

12.      Akpa was more qualified for residency positions because of his graduate degree concentration in Health Care Chaplaincy, and Akpa had the one unit of CPE required to apply for the position. The one unit was completed at Mount Sinai Hospital, a Level I trauma Hospital in Chicago (Tab A, Decl. of Akpa, ¶ 4; Doc. #1, Complaint, ¶s 8-15; Doc. #298, Tab C, DSOF, Akpa Dep., p. 226).

**ANSWER:**      Defendants object to this statement as containing legal argument. Defendants

further object to this statement as lacking in evidentiary support and as based on evidence that is

not admissible.  Subject to and without waiving the foregoing objections, Defendants dispute that

Plaintiff's assessment of his qualifications as compared to other, unspecified, candidates for the

2018-2019 CPE residency is competent evidence that he was "more" qualified for the position;

and dispute Plaintiff's contention that a qualified candidate other than Plaintiff that
was chosen to fill the open residency position. See Def's Facts ¶¶ 23, 29-32, 36-38.

13.     On March 20, 2018, Defendants emailed Akpa informing Akpa "...w]e have completed our process for interviewing candidates for the Clinical Pastoral Education (CPE) Residency program at Northwestern Medicine. This year we had a tremendous interest in our program and an unusually high number of qualified applicants, like yourself..." That same day, Plaintiff sought clarification from Defendants as he had not even been contacted for an interview. (Tab D, Exhibit 7, p. 7).

**ANSWER:**     Defendants object to this statement because it lacks evidentiary support and because

it is based on materials that are not admissible as evidence.  Defendants also object to this statement

as improper and as violating LR. 56.1(b)(3) in that the facts contained in Plaintiff's Statement No.

13 were included in Defendants' Fact Statement at paragraphs 27 and 28—which were

"undisputed" by Plaintiff—and Statement No. 13 does not, therefore, "assert facts not set forth in

the LR 56.1(a)(2) statement of material facts."  Subject to and without waiving the foregoing

objection, admitted.

14.     On March 21, 2018, Curran responded that "we conducted many interviews over the last few months, offers were made, and those offers were accepted ... [and] [a]t this time our residency program has been filled and is now closed." (Tab D, Exhibit 7, p. 6).

**ANSWER:**     Defendants object to this statement because it lacks evidentiary support and because

it is based on materials that are not admissible as evidence.  Defendants also object to this statement

as improper and as violating LR. 56.1(b)(3) in that the facts contained in Plaintiff's Statement No.

14 were included in Defendants' Fact Statement at paragraphs 27—which was "undisputed" by

Plaintiff—and Statement No. 13 does not, therefore, "assert facts not set forth in the LR 56.1(a)(2)

statement of material facts."  Subject to and without waiving the foregoing objection, admitted.

15.     Defendants continued to receive applications and interviewed White applicants, including Stiofan O'Murchadha a White applicant, who interviewed for the position on March 23, 2018 (Tab D, Exhibit 5).

**ANSWER:**     Defendants object to this statement because it is based on materials that are not

admissible as evidence.  Subject to and without waiving the foregoing objections, Defendants

admit that they continued to receive applications after March 21, 2018 and that they interviewed

Stiofan O'Murchadha, who is White, after March 21, 2018.  Defendants dispute that Stiofan

Exh. 5 establish that O'Murchadha's interview actually took place on March 23, 2018; but submit that whether O'Murchadha interviewed on March 23, 2018 or April 27, 2018 is not an issue of material fact.

16.    Defendants received and processed additional applications for the same position on or about April 21, 2018 (Tab D, Exhibit 14).

**ANSWER:**    Defendants object to this statement because it is based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objection, admitted.

17.    As of January 31, 2018, Defendants had not offered the 2018/2019 CPE Residency position to any applicant. See Tab D, Exhibit 1, an email from Michael Washington, one of the decision makers, stating that decisions regarding offers for the 2018 residency positions had not been made because the department manager, Mark [Bradley] has been away for three weeks and it was decided before his going that they wouldn't respond before meeting as a four person team. Also, see Tab B, Exhibit 2, Washington, Dep., pp. 109, ¶s 22-24; pp. 110-115; DSOF Tab C, Doc. #298, Akpa Depo., p. 127).

**ANSWER:**    Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objections, Defendants admit that the document at Plaintiff's Tab D, Exhibit 1 appears to be a partial email exchange dated January 30 and 31, 2018 between Michael Washington and Joshua Daniels in which Washington states that Mark Bradley had been "away" for three weeks, that Washington could not answer Daniels' questions about the timing of decisions about residencies, and that it had been decided before Bradley was out that they would not respond before the team had met. Defendants dispute that the cited email, or any of the materials cited in this statement establish that Defendants had not offered the 2018-2019 CPE Residency to any of the applicants as of January 31, 2018.  (Def's Facts, ¶¶16, 17; Def. Tab I, Dec. of Susan Curran, ¶¶ 5-7; Def. Tab J, Dec. of Yaniv Schiff, ¶12).

**Similarly situated applicants not in protected class**
**Stiofan O'Murchadha[1]**

---

[1]    Throughout this Response, Defendants do not provide a response admitting or denying "facts," if any, contained in the section headings.  Among other potentially available objections, none of Plaintiff's headings are supported by any evidentiary material.

Daniels, an American national, who Bradley acknowledged did not meet expectations for the Residency at Northwestern. (Tab B, Exhibit 1, Bradley Depo., p. 157; p. 177-78; Tab D, ESI Documents, Exhibit 12).

**ANSWER:** Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited materials establish any fact as stated in Statement No. 18 as none of the cited materials contain any "acknowledgment" by Mark Bradley that either Toni Daniels or Stiofan O'Murchadha "did not meet expectations." Defendants admit that Stiofan O'Murchadha, who is White, and Toni Daniels, were interviewed, but were not selected for the 2018-2019 CPE Residency.

19. Mark Bradley and Gary Wilson testified that they interviewed Stiofan O'Murchadha as a team to include Michael Washington (Tab B, Exhibit 1, Bradley Depo., p. 152, ¶s 13-18; Exhibit 5, Wilson Depo., p. 53, ¶s 12-18; p. 55 ¶s 10-18).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objection, Defendants do not dispute that Mark Bradley and Gary Wilson testified as described in Plaintiff's Statement No. 19.

20. Michael Washington testified that he did not remember interviewing Stiofan O'Murchadha for the 2018/19 CPE residency position (Tab B, Exhibit 1, Washington Depo., p. 82, ¶s 9-13).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objection, Defendants do not dispute that Michael Washington testified as described in Plaintiff's Statement No. 20.

20(a). Regarding Akpa, Washington testified thus, "I don't think I saw an application for your residency, sir, and I wouldn't have interviewed someone if I didn't see their application." (Tab B, Exhibit 2, Washington Depo., p. 72; p. 135, ¶s 18-24)

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Defendants further object to Statement No. 20(a) as wholly and improperly mischaracterizing and misstating the cited evidence in that (a) nothing on page 72 of the transcript of Washington's deposition shows that Washington testified

that Washington testified that he did not remember receiving or reviewing Plaintiff's application; and (c) page 135, lines 18-24 of the transcript of Washington's deposition show that with respect to Stiofan O'Murchadha, and not Plaintiff, Washington testified that "I wouldn't have interviewed someone if I didn't see their application." Subject to and without waiving the foregoing objections, Defendant disputes that Washington testified as described in Statement 20(a) but submits that the dispute is not regarding a material fact.

21. Mark Bradley testified that he reviewed Stiofan O'Murchadha's 2018 CPE residency application materials (Tab B, Exhibit 1, Bradley Depo., p. 152 ¶s 23-24).

**ANSWER:** Admitted.

22. Gary Wilson testified that he did not remember that he reviewed Stiofan O'Murchadha's 2018 CPE residency application materials (Tab B, Exhibit 5, Wilson Depo., p. 45, ¶s 10-19).

**ANSWER:** Admitted.

23. Defendants never rejected Stiofan O'Murchadha as Defendants did not provide documentary evidence to show that Stiofan O'Murchadha was rejected for the 2018 residency position (Doc. #298, DSOF, Tab C, Akpa Dep., pp. 192-93,195).

**ANSWER:** Defendants object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objection, Defendants dispute that Stiofan O'Murchadha was not rejected as a candidate for the 2018-2018 CPE Residency. (Def's Facts, Tab E, Bradley Depo., ¶¶174-176). Responding further, Bradley explained in his deposition, after Plaintiff showed a document reflecting that O'Murchadha had been "contacted by manager by telephone," on May 25, 2018, that although he did not recall the conversation, he may have done so, rather than send an email, out of concern for O'Murchadha who had been in the CPE program at Northwestern and had "put a lot into" working toward the residency. Bradley testified that he "wanted to talk to [O'Murchadha] personally." *Id.*

24. (Tab B, Exhibit 1, Bradley depo., p. 166, ¶s 8-9; p. 184, ¶s 13-24; Exhibit 5, Wilson Depo., p. 73-74).

respond.

25.     Washington testified that he did not see or review Stiofan O'Murchadha's application materials for the 2018 Residency position (Tab B, Exhibit 2, Washington Depo., p. 135. ¶s 17-24).

**ANSWER:**     Defendants object to this statement as lacking evidentiary support because Plaintiff has misstated the evidence cited in support in that, as reflected on p. 35 of Washington's deposition transcript, Washington testified that he did not remember reviewing Stiofan O'Murchadha's CPE residency application materials.  He did not testify that he did not see or review such materials. Subject to and without waiving the foregoing objections, Defendants dispute that Washington testified as described in Statement No. 25, but submit that the dispute is not regarding a material fact.

26.     Michael Washington testified that he did not know when offer decisions regarding the 2018/19 residency positions were made and when it was communicated. (Tab B, Exhibit 2, Washington Depo., p, 91, ¶s 22-24; p. 92, ¶s 2-3; p. 115 ¶s 8-10, 14-17

**ANSWER:**     Defendants object to this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objection, Defendants do not dispute that Michael Washington testified as described in Statement No. 26.

27.     By January 31, 2018, the team of decision makers had not met and had not decided on who to hire for the 2018/19 residency positions because Bradley, one of the decision makers had been away in January 2018 and it was decided that four-person team was required to make a decision (Tab D, Exhibit 1, ESI Documents).

**ANSWER:**     Defendant object to this statement as improperly duplicative of Statement No. 17. Defendants further object to this statement as lacking in evidentiary support and based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objections, Defendants dispute that the cited email establishes that Defendants had not met or made decisions about who to hire for the 2018-2019 CPE Residency positions as of January 31, 2018.  (Def's Facts, ¶¶16, 17; Def. Tab I, Dec. of Susan Curran, ¶¶ 5-7; Def. Tab J, Dec. of Yaniv Schiff, ¶12).

28.     Mark Bradley and Michael Washington testified that HR is the responsible party to hire people, to make offers and that human resources handle the hiring process (Tab B, Exhibit 1,

**ANSWER:**  Defendants object to this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objection, Defendants do not dispute that Mark Bradley and Michael Washington testified as described in Statement No. 28.

29.  Michael Washington testified that "offer comes from human resources" (Tab B, Washington Dep., Exhibit 2, p. 138 ¶17, p. 139). Also, Washington testified that the pastoral department does not send an offer letter (Tab B, Exhibit 2, Washington Dep., p. 140).

**ANSWER:**  Defendants object to this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objection, Defendants do not dispute that Michael Washington testified as described in Statement No. 29.

### Pattern or practice of excluding black applicants

30.  Although Sandra Chafen, a well-qualified Black applicant, submitted a complete application for the 2018/19 Residency position as early as September 2017, Defendants excluded Chafen from the hiring process (Tab G, Other Black Applicants, Exhibit 1)

**ANSWER:**  Defendants object to this statement as not material to the matters at issue in this case.  Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute Plaintiff's bare assessment of Sandra Chafen's qualifications and the statement that Defendants excluded Chafen from the hiring process. Defendants admit that Sandra Chafen was not selected for the 2018-2019 residency.

31.  Although Gregg Hunter, a well-qualified Black applicant, submitted a complete application for the 2018/19 Residency position as early as September 2017, Defendants excluded Hunter from the hiring process (Tab G, Other Black Applicants, Exhibit 2)

**ANSWER:**  Defendants object to this statement as not material to the matters at issue in this case.  Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute Plaintiff's bare assessment of Gregg Hunter's qualifications and the statement that Defendants excluded Hunter from the hiring process. Defendants admit that Gregg Hunter was not selected for the 2018-2019 residency.

submitted complete applications for the 2018/19 Residency position earlier than White applicants. However, Defendants excluded Lee and Shaune from the hiring process (Tab G, Other Black Applicants, Exhibits 3,4).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute Plaintiff's bare assessment of Janet Lee's and Shaune Thompson's qualifications and the statement that Defendants excluded Lee and Thompson from the hiring process. Defendants admit that Janet Lee and Shaune Thompson were not selected for the 2018-2019 residency.

33. Susan Curran, the administrative assistant for the department stated that department would not be interviewing for the 2018 residency positions until January, February 2018 (Doc. #298, DSOF, Tab C, Akpa Dep., p. 151).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing, Defendants dispute the contention that the department did not begin interviewing for the 2018-2019 residency positions until January or February 2018. (Def's Facts, ¶¶ 13-15). Subject to and without waiving the foregoing objections, Defendants admit only that the cited portion of Plaintiff's deposition transcript reflects an exchange regarding an email in which Susan Curran stated to Ariell Watson that the interview phase would start in January, February.

34. Defendants withheld from EEOC the fact that they began making offers for the 2018 CPE Residency positions on or about June 28, 2018 (Tab D, Respondent Statement, Exhibit 15).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Defendants also object that Plaintiff's characterization that Defendants "withheld" anything from the EEOC is improper and lacking evidentiary support. Defendants also object to this statement because Defendants' EEOC Position

to and without waiving the foregoing objections, Defendants admit that they did not represent to the EEOC that they began making offers for the 2018-2019 CPE Residency on or about June 28, 2018 because such representations would have been untrue. (Def's Facts, ¶¶ 16-18, 21).

**All four candidates who received offers over Akpa are White and/or Americans**

35. Mark Bradley (manager and decision maker) and Michael Washington (supervisor and a decision maker) testified that the residency application materials are received, reviewed and interviews are scheduled in that order (Tab B, Exhibit 1, Bradley Depo., pp. 42-43; Tab B, Washington Depo., p. 85).

**ANSWER:** Defendants do not dispute that Bradley and Washington were decision-makers with respect to the 2018-2019 CPE Residency or that Bradley and Washington testified as described in Statement No. 35.

36. Decision makers did not meet in January 2018 because Mark Bradley, one of the decision makers had been on vacation (Doc. #298-1, DSOF, Tab C, Akpa Dep., Tab C, p. 154 ¶s 19-24; pp. 155,156,157; Tab D, Exhibit 1).

**ANSWER:** Defendant object to this statement as improperly duplicative of Statements Nos. 17 and 27. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited email establishes that Defendants had not met or made decisions about who to hire for the 2018-2019 CPE Residency positions as of January 31, 2018. (Def's Facts, ¶¶16, 17; Def. Tab I, Dec. of Susan Curran, ¶¶ 5-7; Def. Tab J, Dec. of Yaniv Schiff, ¶12).

37. Defendants' principal witness, Elizabeth Naccarato, met with the 2018/2019 CPE residents, (Kathleen North-Wilhelm, Ariell Watson, Joshua Daniel and HaLana Thompson), after Akpa filed his complaint with the court. But Defendants refused to disclose the details of the meeting (Tab B, Exhibit 3, Naccarato Depo., pp. 75-76).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support. Subject to and without waiving the foregoing objection, Defendants do not dispute that Naccarato testified as

12

desired in the December 7, 2017 email Defendants dispute the Chu "22 email as their principal" witness because it lacks evidentiary support, but submit that the dispute is not material.

38. Defendants did not provide testimony from Kathleen North-Wilhelm to authenticate the January 10, 2018 email North-Wilhelm purportedly authored (Doc. #298-1, DSOF, Tab C, Akpa Depo., pp. 122-126,128).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants also object to this statement because it is based on materials that are not admissible as evidence. Defendants also object to this statement because it fails to adequately identify the referenced email. Defendants further object to this statement to the extent it implies that Defendants were under any obligation to provide testimony from Kathleen North-Wilhelm or that testimony from Kathleen North-Wilhelm is the sole method of authenticating any particular email from Kathleen North-Wilhelm. Subject to and without waiving the foregoing objections, Defendants admit that Kathleen North-Wilhelm did not testify regarding a January 10, 2018 email that she authored.

39. Defendants did not provide testimony from Ariell Watson to authenticate the January 20, 2018 email Watson purportedly authored (Doc. #298-1, DSOF, Tab C, Akpa Dep., pp. 144,148,149)

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants also object to this statement because it is based on materials that are not admissible as evidence. Defendants also object to this statement because it fails to adequately identify the referenced email. Defendants further object to this statement to the extent it implies that Defendants were under any obligation to provide testimony from Ariell Watson or that testimony from Ariell Watson is the sole method of authenticating any particular email from Ariell Watson. Subject to and without waiving the foregoing objections, Defendants do not dispute that Ariell Watson did not testify regarding a January 20, 2018 email that she authored.

40. Defendants did not provide testimony from Joshua Daniel to authenticate his application materials and the February 16, 2018 email Daniel purportedly authored (Doc. #298, DSOF, Tab C, Akpa Dep., pp. 160-162; pp. 171-172, 173, ¶s 4-16, 174 ¶s 9-15).

case. Defendants also object to this statement because it is based on materials that are not

admissible as evidence. Defendants also object to this statement because it fails to adequately

identify the referenced email. Defendants further object to this statement to the extent it implies

that Defendants were under any obligation to provide testimony from Josh Daniels or that

testimony from Josh Daniels is the sole method of authenticating his application materials of any

particular email from Josh Daniels. Subject to and without waiving the foregoing objections,

Defendants do not dispute that Josh Daniels did not testify regarding a February 16, 2018 email

that he authored or his application materials.[2]

41. During the depositions, the decision makers repeatedly did not recall the dates they
interviewed any of the four residents chosen over Akpa for the 2018 Residency position (Tab B,
Exhibit 1, Bradley Depo., p. 145; TAB B, Exhibit 2, Washington Depo., p. 83; Tab B, Exhibit 5,
Wilson Depo., pp. 24-25; pp. 38-40)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation

with respect to the number of statements of additional fact allowed a party opposing summary

judgment. Defendants object to this statement as not material to the matters at issue in this case.

Subject to and without waiving the foregoing objection, Defendants admit that Mark Bradley,

Michael Washington, and Gary Wilson testified as generally described in Statement No. 41.

### Kathleen North-Wilhelm

42. Bradley testified that Kathleen North-Wilhelm's race is White (Tab B, Exhibit 2,
Bradley Dep., p. 164, ¶ 18)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation

with respect to the number of statements of additional fact allowed a party opposing summary

---

[2]     Local Rule 56.1(d)(5) limits the number of additional statements of fact that a non-movant can assert to 40.
Plaintiff's failure to comply with the Local Rules is not excused by his *pro se* status. *See, e.g., Cady v.
Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Perez v. Chicago Board of Education*, Case No. 10-CV-7594,
2013 WL 12114074, *1 (N.D. Ill. Aug. 2, 2013). Defendants respectfully submit that the Court may properly
disregard the remainder of Plaintiff's fact statements due to his non-compliance. See, e.g., *Perez v. Bd. Of
Educ. Of the City of Chicago*, 576 Fed. Appx. 615, 617 (7th Cir. 2014); *Petty v. City of Chicago*, 754 F.3d
416, 420 (7th Cir. 2014)(upholding district court's decision to strike fact statements in excess of 40, although
plaintiff argued that the complexity of the case justified the submission of the extra facts).

testified as described in Statement No. 42.

43.    Defendants represented that Kathleen North-Wilhelm applied for the residency application on November 3, 2017 and interviewed on November 17, 2017 (Tab D, Exhibit 12),

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants also object to this statement because it is based on materials that are not admissible as evidence. Defendants object that the cited materials do not contain any representation by Defendants.  Subject to and without waiving the foregoing objection, Defendants do not dispute that Kathleen North-Wilhelm applied for the 2018-2019 CPE Residency on November 3, 2017 and was interviewed on November 17, 2017.

44.    Kathleen North-Wilhelm did not meet the qualifications for the position because she did not satisfy the one unit of CPE requirement for the Residency position when she applied for the position on November 3, 2017, (Tab F, Exhibit 1, General Documents, p. 2).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants also object to this statement because it is based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objections, Defendants dispute Statement No. 44 in that Plaintiff's Tab F, Exhibit 1, cited by Plaintiff in support of Statement No. 44 shows that, in addition to other qualifications reflected in her curriculum vitae and written essays, Kathleen North-Wilhelm completed a unit of CPE at Northwestern Memorial Hospital in November 2017 under Supervisor Mark Bradley (Plaintiff's Tab F, Exh. 1, p. 2).

45.    Metadata show that Kathleen North-Wilhelm's residency application was in fact created on July 2, 2018 (Tab B, Exhibit 1, Bradley Depo., pp. 48-51; Tab F, Exhibit 1, General Documents, p. 10).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Subject to and without waiving

the foregoing objections, Defendants dispute that the cited testimony establishes

that a version of the documents at Plaintiff's Tab F, Exh. 1 were "created" on July 2, 2018 on a

copy machine in the Spiritual Care and Education Offices. (Pl. Tab F, Exh. 1, p. 10; Def's Facts,

Tab I, Curran Dec., ¶21).

46.     Kathleen North-Wilhelm was unable to confirm that she submitted application for
the 2018/19 CPE Residency on November 3, 2017 and/or that she was offered a position on January
9, 2018 (Doc. #298, DSOF, Akpa Dep., pp. 115-117).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation

with respect to the number of statements of additional fact allowed a party opposing summary

judgment.  Defendants object to this statement as not material to the matters at issue in this case.

Defendants further object to this statement because it lacks evidentiary support and because it is

based on materials that are not admissible as evidence.    Subject to and without waiving the

foregoing objections, Defendants dispute that the cited testimony—which consists solely of

Plaintiff representing, without providing further details or explanation, that he spoke with Kathleen

North-Wilhelm and she "couldn't confirm," whether she received an offer from Defendants—

establishes that Kathleen North-Wilhelm was unable to confirm the date she submitted her

application for the 2018-2019 CPE Residency, or the date that she was offered a position.

Defendants further dispute that Kathleen North-Wilhelm's "confirmation" of the described events

is necessary to establish them.

47.     Defendants testified that Kathleen North-Wilhelm may have provided authorization
to another to sign an application form (Doc. #298, Akpa Dep., p. 109 ¶¶ 5,6,7; p.110 ¶¶ 5,6,79)

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation

with respect to the number of statements of additional fact allowed a party opposing summary

judgment. Defendants object to this statement as not material to the matters at issue in this case.

Defendants further object to this statement because it lacks evidentiary support and because it is

based on materials that are not admissible as evidence.    Defendants also object to this statement

because Plaintiff has misstated the record.    Subject to and without waiving the foregoing

objections, Defendants dispute that the cited material shows in any way that Defendants testified

form.  The cited portion of Plaintiff's deposition transcript contains an exchange in which defense counsel asked Plaintiff if he had any knowledge whether Kathleen North-Wilhelm may have given authorization to someone else to sign her application, and Plaintiff responded by insisting that that was "new information," and that "if there is an authorization, I'd like to see."

48.     Forensic evidence disputes the representation that Defendants offered a residency position to Kathleen North-Wilhelm on January 9, 2018 (Doc. #298, DSOF, Akpa Dep., pp. 112-113).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.    Subject to and without waiving the foregoing objections, Defendants dispute that the record in this case demonstrates a dispute regarding an offer to Kathleen North-Wilhelm on January 9, 2018.  (Def. Facts, ¶ 16).

49.     The metadata does not comport with the content of the email purporting to offer North-Wilhelm a Residency position on January 9, 2018. Metadata does not validate the purported offer email as to authorship or fact. (Tab A, Exhibit 2, p.3 ¶¶ (A), A; p. 4 ¶ (a) p. 5 ¶ A; p. 8). Also, Kathleen North-Wilhelm has not authenticated the acceptance email on January 10, 2018.

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.    Subject to and without waiving the foregoing objections, Defendants dispute that the cited record materials show any material discrepancy with respect to metadata associated with a January 9, 2018 email to Kathleen North-Wilhelm.  Defendants also dispute that Kathleen North-Wilhelm is required to authenticate her email accepting the offered residency.  (Def's Facts, ¶ 16).

Wilhelm on January 9, 2018. (Tab A, Exhibit 2, Plaintiff Expert Report, p. 4, ¶ (a), p. 5 ¶ A; Exhibit 5; Doc. #298, Tab C, DSOF, Akpa Dep., p. 123, ¶s 4-15; pp.139-141).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.   Subject to and without waiving the foregoing objections, Defendants dispute that the cited record materials show any material discrepancy with respect to metadata associated with a January 9, 2018 email to Kathleen North-Wilhelm.

51.     The purported offer email to Kathleen North-Wilhelm was created by forwarding another email (Tab A, Exhibit 2, Plaintiff Expert Report, p. 5 ¶s (c), C). Forwarded emails raise issues of fact.

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to Statement No. 51 as containing legal argument.  Defendants object to this statement as not material to the matters at issue in this case.  Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.   Subject to and without waiving the foregoing objections, Defendants dispute that the cited materials establish that the offer email was created by forwarding another, unspecified, email or that forwarded emails raise unspecified issues of fact and therefore dispute the entirety of statement No. 51.

52.     Michael Washington's January 31, 2018 email (PSOF 27) was in response to a January 30, 2018 email from Joshua Daniel asking, "how imminent do you think decisions are re: residencies? How close is your process coming to a close?" (Tab B, Exhibit 1, Bradley Depo., pp. 229-232; Tab D, ESI Documents, Exhibit 1)

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to this statement because it is based on materials that are not

not dispute that the contents of the email are generally as described in statement No. 52, but dispute that the materials cited in support of statement No. 52 establish that.

53.     Defendants offered a 2018/19 Residency position to Kathleen North-Wilhelm on July 10, 2018 (Tab B, Exhibit 2, Washington Depo., p. 99 ¶¶ 2-18; pp. 100-101; pp. 119-120; Tab D, Exhibit 2).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants further object to this statement because it lacks evidentiary support.  Subject to and without waiving the foregoing objection, Defendants dispute that the cited materials show that Defendants offered a residency position to Kathleen North-Wilhelm on July 10, 2018.  The cited materials show that Russell West, a Talent Acquisition Professional in Defendant's Human Resources, and Mark Bradley exchanged emails on July 10, 2018 in which West indicated that he would be formally extending an offer to Kathleen North-Wilhelm that afternoon.  Defendants do not dispute that Russell West conveyed a formal offer to Kathleen North-Wilhelm on or around July 10, 2018; and submit that the dispute regarding the content of the cited materials is not regarding a material fact.

54.     Kathleen North-Wilhelm has not provided testimony to authenticate the purported acceptance email on January 10, 2018 (Doc. #298-1, DSOF, Akpa Dep., Tab C, pp.112-123).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objections, Defendants dispute that Kathleen North-Wilhelm is required to authenticate her email accepting the offered residency.  (Def's Facts, ¶ 16). Subject to and without waiving the foregoing objections, admitted.

55.     Michael Washington, testified that he reviewed Kathleen North-Wilhelm's application for the 2018/19 residency in January 2018 (Tab B, Exhibit 2, Washington Depo., p. 37 ¶ 14; p. 39 at ¶¶ 22,23; p. 40 at ¶s 2,3,4; p. 41 at ¶s 12,13,14).

with respect to the number of statements of additional fact allowed a party opposing summary judgment.   Subject to and without waiving the foregoing objection, admitted.

56.     Bradley, Washington and Wilson (decision makers) repeatedly did not recall the date they interviewed Kathleen North-Wilhelm for the 2018 CPE Residency position (Tab B, Exhibit 1, Bradley Depo., p. 145; TAB B, Exhibit 2, Washington Depo., p. 83; TAB B, Exhibit 3, Wilson Depo., pp. 24-25).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Subject to and without waiving the foregoing objections, admitted.

57.     Bradley testified that Kathleen North-Wilhelm's application face sheet was incomplete but was unable to explain why the application face sheet was missing (Tab B, Exhibit 1, Bradley, pp. 45-48)

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.   Subject to and without waiving the foregoing objections, Defendants dispute that Bradley testified as described in statement No. 57.

**Ariel Watson**

58.     Forensic evidence disputes the purported offer email to Ariell Watson on January 9, 2018 as metadata Defendants fail to provide metadata to authenticate the email. (Tab A, Exhibit 2, p. 5, ¶¶ (a), A; Exhibit 6; Doc. #298, DSOF, Akpa Dep., Tab C, pp. 144-145,152-153).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.   Subject to and without waiving the foregoing objections, Defendants dispute that the record in this case demonstrates a dispute

dispute that they have provided no metadata and dispute that metadata is required to authenticate a January 9, 2018 email to Ariell Watson.

59. The metadata does not comport with the content of the email purporting to offer Watson a Residency position on January 9, 2018 and metadata do not validate the offer email as to authorship or fact. (Tab A, Exhibit 2, Plaintiff Expert Report p. 5 ¶s (a), A; p. 8).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited record materials show any material discrepancy with respect to metadata associated with a January 9, 2018 email to Ariell Watson. (Def's Facts ¶ 17).

60. The purported offer email to Ariell Watson was created by forwarding another email (Tab A, Exhibit 2, p. 5 ¶¶ (c), C).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited materials establish that the offer email was created by forwarding another email.

61. Ariell Watson has not authenticated the acceptance email on January 20, 2018 (Doc # 298-1, DSOF, Tab C, Akpa Depo., p. 144).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object this statement as not material to the matters at issue in this case.

required to authenticate her email accepting the offered residency. (Def's Facts, ¶ 17).

Subject to and without waiving the foregoing objections, admitted.

62.     Evidence show that Defendants had not even offered the Residency position to Ariell Watson as of June 26, 2018 (Tab D, Exhibit 2).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement because it lacks evidentiary support. Subject to and without waiving the foregoing objections, Defendants dispute that the cited materials establish that Defendants had not offered a residency position to Ariell Watson as of June 26, 2018. The cited materials—an unauthenticated email chain—as to Ariell Watson, show that Russell West, a Talent Acquisition Manager in Defendants' Human Resources, advised Mark Bradley by email on July that Watson would send her references when she returned from vacation. Defendants do not dispute that as of June 26, 2018, Russell West had not conveyed a residency offer to Ariell Watson and submit that the dispute regarding the content of the cited materials is not regarding a material fact.

63.     Ariell Watson had one unit of CPE from a Hospital in Pennsylvania at the time of the application to the 2018/2019 residency position (Tab D, Exhibit 16).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objection, admitted.

64.     Defendants documents show that Ariell Watson had a Bachelor's degree at the time of the application for CPE Residency and the resume placed the application in 2018 (Tab D, Exhibit 17)

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement lacks evidentiary support. Subject to and

page labeled "Ariell Watson – CPE Application – 2018-2019 Residency"—show that Ariell Watson had a bachelor's degree when she applied for the 2018-2019 CPE residency, or that Watson applied for the residency in 2018. Defendants do not dispute that Ariell Watson had a bachelor's degree when she applied for the 2018-2019 CPE residency. Defendants dispute that Ariell Watson applied for the residency in 2018. (Pl's Facts, Tab F, Exh. 2, showing Ariell Watson's application signed on September 28, 2017, and email from "Clinical Pastoral Education" dated October 11, 2017 acknowledging receipt of Watson's application materials, evaluations, and application fee).

65. Bradley, a decision maker, testified that Ariell Watson's race is White (Tab B, Exhibit 1, Bradley Dep., p. 164, ¶ 16)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Subject to and without waiving the foregoing objection, admitted.

66. Metadata from Ariell Watson application material for the 2018 Residency position placed the application date on June 29, 2018 (Doc # 298, DSOF, TAB C, Akpa Depo., pp. 146,148-149, Tab F, General Documents, p. 16).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objection, Defendants admit only that the "metadata" cited by Plaintiff indicates that a version of the document bearing Bates No. NMH-E-002342 at Plaintiff's Tab F, Exh. 2 was "created" on June 29, 2018 on a copy machine in the Spiritual Care and Education Offices. (Pl. Tab F, Exh. 1, p. 10; Def's Facts, Tab I, Curran Dec., ¶21).

67. Ariell Watson, Resume placed Watson's application in 2018 (Tab F, General Documents, Exhibit 2, p. 13)

with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants are unable to respond to Statement No. 67 as vague and unintelligible.

### Joshua Daniel

68.     Forensic evidence disputes the purported offer email to Joshua Daniel on February 8, 2018. Metadata does not authenticate purported offer email to Joshua Daniel. (Tab A, Exhibit 2, Plaintiff Expert Report, p. 6, ¶¶ (a), A; Tab A, Exhibit 7).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the record in this case demonstrates a dispute regarding an offer to Joshua Daniel on February 8, 2018. (Def. Facts, ¶ 18). Defendants further dispute that metadata is required to authenticate a February 8, 2018 email to Joshua Daniel.

69.     Metadata does not authenticate the purported the February 8, 2018 offer email as to authorship or fact. (Tab A, Plaintiff Expert Report p. 6 ¶¶ (a), A; p. 8).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the record in this case demonstrates a dispute regarding an offer to Joshua Daniel on February 8, 2018. (Def. Facts, ¶ 18). Defendants further dispute that metadata is required to authenticate a February 8, 2018 email to Joshua Daniel.

70.     The offer email to Joshua Daniel was created by forwarding another email (Tab A, Exhibit 2, Plaintiff Expert Report, p. 6 ¶¶ (c), C).

with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited materials establish that the offer email was created by forwarding another email.

71.     Bradley was unable to explain why metadata does not support the purported offer email to Joshua Daniel dated February 8, 2018 (Tab B, Bradley Depo., Exhibit 1, p. 192).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the deposition transcript cited shows that Mark Bradley testified as described in statement No. 71 and therefore dispute the entirety of statement No. 71.

72.     Bradley testified that Joshua Daniel's race is White (TAB B, Bradley Dep., Exhibit 2, p. 164, ¶ 14)

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Subject to and without waiving the foregoing objection, admitted.

73.     Defendants represented that Joshua Daniel email his residency application on November 20, 2017 as an attachment, including resume (Tab D, ESI Documents, Exhibit 20). But Joshua Daniel's application materials purportedly attached to the email on November 20, 2017 show events in the future (2018) that Joshua Daniel attended (Doc. #298, DSOF, Tab C, Akpa Dep., pp. 164 ¶s 12-24; pp. 165-168; Tab F, General Documents, Exhibit 3, pp. 26-27).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary

Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants admit that Joshua Daniel emailed his residency application on November 20, 2017, and that documents in Daniel's application materials—which speak for themselves—show, among other things, that Daniel was to give an academic presentation in January, 2018.

74.     Joshua Daneil have not provided testimony to authenticate the February 16, 2018 email he purportedly authored and Defendants fail to provide hash value authentication pursuant to Fed. R. of Evid 902(14). (Doc. #298-1, Akpa Dep., p. 174 ¶s 2-15).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objections, Defendants dispute that Joshua Daniel is required to provide testimony or that Defendants are required to provide "hash value authentication" to authenticate the February 16, 2018 email from Daniel accepting the offered residency. (Def's Facts, ¶ 18). Subject to and without waiving the foregoing objections, admitted.

74(a). Defendants offered the 2018/19 CPE Residency position to Joshua Daniels on or about June 28, 2018 (Tab D, ESI Documents, Exhibit 3).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object this statement as not material to the matters at issue in this case. Subject to and without waiving the foregoing objections, Defendants admit that Defendants' Recruitment sent an "Offer of Employment" regarding the "Chaplain-CPE Resident" position to Joshua Daniels on June 28, 2018.

### HaLana Thompson

75.     Metadata disputes Defendants' representation that HaLana Thompson submitted an application for the 2018 residency on March 29, 2018 and there is no testimony from HaLana

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the record in this case demonstrates a dispute regarding the date that HaLana Thompson submitted an application for the 2018-2019 CPE residency. Defendants further dispute that testimony from HaLana Thompson is required to authenticate any emails to or from her regarding the residency. (Def's Facts, ¶¶ 19-21, 33-34).

76. Forensics show that HaLana Thompson's application material was created on June 29, 2018 (Tab B, Exhibit 1, Bradley Depo., pp. 143-44; Tab F, General Documents, Exhibit 4)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants admit only that the "forensics" cited by Plaintiff indicates that a version of the documents at Plaintiff's Tab F, Exh. 4 were "created" on June 29, 2018 on a copy machine in the Spiritual Care and Education Offices. (Pl. Tab F, Exh. 4; Def's Facts, Tab I, Curran Dec., ¶21). Defendants dispute that the deposition testimony cited establishes that forensics show that Thompson's application material was created on June 29, 2018. Defendants therefore dispute the entirety of statement No. 76.

77. Forensic evidence disputes Defendants' assertion that HaLana Thompson interviewed for the CPE Residency position on April 27, 2018 because metadata to the email that arranged interview show alterations (digital space within the file that was previously written over and is now a deleted file) (Tab A, Exhibit 2, p.7; Tab A, Exhibit 12).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary

Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the record, including Plaintiff's expert report, in this case demonstrates a dispute regarding the date that HaLana Thompson interviewed for the 2018-2018 CPE Residency. (Def's Facts, ¶¶ 19-21, 33-34).

78. Forensic evidence disputes Defendants' representation that offer was made to HaLana Thompson on May 25, 2018 and that HaLana Thompson accepted the offer on May 31, 2018 (Doc. #298, DSOF, Tab C, Akpa Dep., pp. 185-86).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited testimony of Plaintiff, or any other material in the record in this case demonstrates a dispute regarding the dates that Defendants offered a position in the 2018-2019 CPE Residency to HaLana Thompson or the date that she accepted the offer. (Def's Facts, ¶¶ 19-21, 33-34).

79. Metadata does not authenticate the reply email from HaLana Thompson on May 31, 2018 (Tab A, Exhibit 2, p. 3, ¶ (a), A, p. 4 ¶ A; Tab A, Exhibit 3).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that metadata is required to authenticate any May 31, 2018 email from HaLana Thompson. (Def's Facts, ¶ 21).

purportedly sent to HaLana Thompson and the reply (Tab A, Exhibit 2, p. 3, ¶ (b), ¶ B; Tab A, Exhibit 4).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants can neither admit nor dispute statement No. 80 because Plaintiff does not identify when changes may have been made, what changes were made, who may have made any such changes, or how such changes were purported to have been made.

81.     The purported offer email to HaLana Thompson was created by forwarding another email (Tab A, Exhibit 2, Plaintiff Expert Report, p. 3 ¶ (c), 4. ¶ C; Tab A, Exhibit 2, Plaintiff Expert Report, p. 3, ¶s (D), D).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants object to this statement as not material to the matters at issue in this case. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited materials establish that the offer email was created by forwarding another email.

82.     The email system was unable to authenticate the May 25, 2018 offer email to HaLana Thompson. The email system was unable to authenticate the May 31, 2018 email from HaLana Thompson (Tab A, Exhibit 2, p. 4, p. 8).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections,

"email system," that was unable to "authenticate" the identified emails. Defendants dispute that

authentication of the identified emails by an "email system" is required. (Def's Facts, ¶ 21).

83.   Forensic evidence show that there are alterations to the purported offer email to HaLana Thompson dated May 25, 2018 and the acceptance of the offer dated May 31, 2018. The email had some issues moving through the email system and at one point failed to pass. This was due to the "body hash" not verifying. (Tab A, Exhibit 2, Plaintiff Expert Report, p. 3 ¶s (b), B).

**ANSWER:**   Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation

with respect to the number of statements of additional fact allowed a party opposing summary

judgment.  Defendants further object to this statement as not stating a fact material to the matters

at issue in this case.  Defendants also object to this statement because it lacks evidentiary support

and because it is based on materials that are not admissible as evidence.  Subject to and without

waiving the foregoing objections, Defendants dispute that any material in the record in this case

demonstrates a dispute regarding the dates that Defendants offered a position in the 2018-2019

CPE Residency to HaLana Thompson or the date that she accepted the offer. (Def's Facts, ¶¶ 19-

21, 33-34).

84.   Defendants asserted that Mark Bradley may have expressed interest in HaLana and wanted her to apply for the 2018/19 CPE Residency (Doc. #298, Tab C, DSOF, Akpa Dep., p. 182 ¶s 6-14)

**ANSWER:**   Admitted.

85.   Defendants offered the 2018/19 CPE Residency position to HaLana Thompson for the first time on or about July 10, 2018 (Tab B, Exhibit 2, Washington Depo., p. 101; Tab D, Exhibits 2,3,4,9,10).

**ANSWER:**   Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation

with respect to the number of statements of additional fact allowed a party opposing summary

judgment.   Defendants further object to this statement as lacking evidentiary support.  Subject to

and without waiving the foregoing objections, Defendants dispute that any of the cited materials

establish that Defendants offered the 2018-2019 CPE residency for the first time on or about July

10, 2018.  The only mention of HaLana Thompson in the cited materials is at the bottom of the

first page of Exhibit 2 under Plaintiff's Tab D, in an email exchange between Mark Bradley and

Russell advises that he has received references for Thompson and, on June 27, 2018, Bradley instructs Russell to extend an offer to Thompson.

86.     Defendants produced two identical email files purporting to schedule interviews on April 27, 2018. However, metadata on the identical emails show different file sizes deleted digital spaces that have been written over and failed hash (Tab A, Plaintiff Expert Report, p. 7; Exhibit 12)

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Subject to and without waiving the foregoing objections, Defendants dispute that any material in the record in this case, including Plaintiff's expert's report, demonstrates a dispute regarding the date that HaLana Thompson interviewed for the 2018-2019 CPE Residency. (Def's Facts, ¶ 20).

87.     Bradley, a decision maker, testified that HaLana Thompson is an African-American (Tab B, Exhibit 2, Bradley Dep., p. 164, ¶ 16)

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Subject to and without waiving the foregoing objections, admitted.

88.     Bradley acknowledged that HaLana Thompson's group dynamics/interpersonal skills raised concerns. However, Bradley did not preclude HaLana Thompson from the hiring process. (Tab B, Bradley depo., Exhibit 1, p. 174 ¶s 18-24).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence.  Defendants also object to this statement because Plaintiff grossly mischaracterizes the cited deposition testimony.  Subject

that Mark Bradley testified that "Thompson's group dynamics/interpersonal skills raised concerns." On page 174 of Bradley's deposition transcript, Plaintiff asked Bradley why he waited for Thompson to complete a second unit of CPE before accepting her for the CPE residency. Bradley responds that it was about "group dynamics," and that he believed it would be better to wait under the end of the term because Stiofan O'Murchadha and Thompson were in the same group, and waiting would be better for the group's dynamics. Bradley said nothing about Thompson's "interpersonal skills."

89. Defendants had stated that they do not represent the four residents (Tab D, ESI Documents, Exhibit 18)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, admitted.

### Plaintiff EEOC charge and Defendants replacement applicant

90. On June 8, 2018, EEOC e-mailed a notice regarding Charge No. 440-2018-03997 to Defendants, providing notice that Plaintiff had filed a charge of discrimination against Defendants (see DSOF ¶ 40).

**ANSWER:** Admitted.

91. On June 15, Defendants advertised the CPE Residency position to the public (Tab D, Exhibit 6).

**ANSWER:** Admitted.

92. Prior to Defendants receiving EEOC notice of complaint on June 8, 2018, Stiofan O'Murchadha, a White person was the only candidate for the position. Defendants have not produced evidence to show that Defendants rejected O'Murchadha for the 2018/2019 CPE residency (Doc. #298, DSOF, Akpa Dep., p. 194 ¶s 17,18,19; p. 195).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary

at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objection, Defendants dispute that Stiofan O'Murchadha was the only candidate for the remaining residency position. (Def's Facts, ¶¶ 19-22). Defendants also dispute that there is no evidence in the record that Defendants rejected O'Murchadha as a candidate for the 2018-2019 CPE Residency. (Def's Facts, ¶ 21; Tab E, Bradley Depo., ¶¶174-176). Responding further, Bradley explained in his deposition, after Plaintiff showed a document reflecting that O'Murchadha had been "contacted by manager by telephone," on May 25, 2018, that although he did not recall the conversation, he may have done so, rather than send an email, out of concern for O'Murchadha who had been in the CPE program at Northwestern and had "put a lot into" working toward the residency. Bradley testified that he "wanted to talk to [O'Murchadha] personally." *Id.*

93.     HaLana Thompson entered the hiring process after Defendants received notice of Akpa's EEOC complaint (Doc. #298, DSOF, Tab C, Akpa Dep., p. 180).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that Plaintiff's cited deposition testimony establishes when HaLana Thompson "entered the hiring process," for the 2018-2019 CPE Residency. (Def's Facts, ¶ 33).

94.     On or about July 10, 2018, Defendants offered the residency position to HaLana Thompson, believing that Thompson would identify as African-American (Tab B, Washington Depo., Exhibit 2, p. 101; Tab D, ESI Documents, Exhibits 2,3,4,9,10).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters

and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants admit that Thompson was formally offered the residency position by Defendant's Talent Acquisition personnel on July 10, 2018, and that Defendants were aware that Thompson identified her race as African-American. Defendants dispute that the cited materials establish the matters addressed in statement No. 94.

95. Defendants excluded all the Black applicants of foreign national origin, including Akpa from the 2018 Residency position hiring process (Doc. #1, Complaint, p. 7, ¶s 27-34; Tab D, Exhibits 12-14, 19, ESI Documents).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited material establishes the matters addressed in statement No. 95.

96. In previous years, Defendants excluded Nigerian and blacks from the Residency position hiring process (Tab D, Exhibit 13; Doc. #1, p. 7 ¶ 30; ¶s 31-44).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited material establishes the matters addressed in statement No. 96.

97. Although the residency promotional required payment of application fee before application is considered (Tab D, Exhibit 8, ESI Documents), the decision makers did not require application fees from White applicants and applicants of U.S. origin for the same positions (Del. of Akpa 9,10,11).

with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited material establishes the matters addressed in statement No. 97.

### In Camera review

98.   Forensic evidence disputes the ESI Defendants provided during the Court's in camera review (Doc. #298, DSOF, Tab C, Akpa Dep., pp. 154-155).

**ANSWER:**   Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Subject to and without waiving the foregoing objections, Defendants dispute that the cited material establishes the matters addressed in statement No. 98.

### Declaration of Defendants' Expert-Yaniv Schiff ("Schiff")

99.   Schiff received from Defendants file link copies of ESI in .msg and pdf format and was not involved in the collection of Defendants' ESI, the preservation of Defendants' ESI and he was not involved in the production of Defendants' ESI (Doc. #298, DSOF, TAB J, Dec. of Schiff, ¶ 10; Tab E, Defendants Expert, Exhibit 5).

**ANSWER:**   Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Subject to and without waiving the foregoing objections, admitted.

100.   Pursuant to Fed R. of Evid. 902(14), data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule (902(11) or (12).

with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Subject to and without waiving the foregoing objections, Defendants dispute that Statement No. 100 contains a complete or accurate restatement of the Federal Rules of Evidence, including but not limited to Rule 902 or any of its subparts.

101.　According to Schiff and his team, data copied from electronic devices, storage media, and electronic files are ordinarily authenticated by "hash value" (Fed R. of Evid. 902(14); Tab C, Exhibit 3, Forensic Best Practice, p. 308).

**ANSWER:**　Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

102.　According to Schiff and his team, hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file and is used to verify the integrity of ESI (Tab C, Forensic Best Practices, Exhibit 3, p. 308).

**ANSWER:**　Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

103.　Standard forensic analysis requires hash value verification and when the hash values for the original file and the copy are different, then the copy is not identical to the original (Tab C, Forensic Best Practices, Exhibit 3, p. 37).

with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

104. According to Schiff and his team, Hashing is critical to the admissibility of ESI and a certification by a qualified person check the hash value of the proffered item and that it is identical to the original (Tab C, Exhibit 3, Forensic Best Practice, p. 307).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

105. Hashing verifies that a copy is identical to the original (Tab C, Exhibit 2, Forensic Best Practices, p. 29; p. 39).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

106. AccessData Forensic ToolKit (FTK) is the standard technology utilized in the acquisition, preservation, analysis, reporting and management of ESI evidence (Tab C, Exhibit 1, Forensic Best Practices, p. 3)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters

containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

107.    Standard forensic digital examination requires acquisition, preservation, analysis, presentment of reporting and management (Tab C, Exhibit 1,Forensic Best Practices, p. 11,-15; Tab C, Exhibit 2, Forensic Best Practices, p. 25).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

108.    Admissibility of digital evidence in a court of law is dependent on preserving the integrity of the source data when it is acquired (Tab C, Exhibit 2, Forensic Best Practices, pp. 2627).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

109.    Schiff, did not adhere to forensic best practices because he was provided copy of ESI which integrity he did not attest to (Tab J, DSOF, Declaration of Yaniv Schiff, ¶ 10).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

ESI because it did not provide evidence of hash value verification and did not compare the hash value of the ESI copy to the original (Tab C, Exhibit 2, Forensic Best Practice, pp. pp. 82-84; pp. 134-137; Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

111.    Schiff did not attest to the integrity of Defendants ESI pursuant to Federal Rule of Evidence ("Fed. R. of Evid.") 902 (13(14) and he did not acquire the original pst file and he did not hash the ESI copy received from Defendants.

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

112.    Defendants failed to provide chain of custody for validation of expert procedure and how the expert spent his time on the case (Tab C, Exhibit 3).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

113.    Defendants failed to provide hash value authentication for the purported offer email to Kathleen North-Wilhelm on January 9, 2018 and the acceptance email from North-Wilhelm pursuant to Fed. R. of Evid. 902(13)(14). see (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff ¶12).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

114. Defendants failed to provide hash value authentication for the purported offer to Ariell Watson on January 9, 2018 and the acceptance email from Watson pursuant to Fed. R. of Evid. 902(14). see (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff ¶12).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

115. Defendants failed to provide hash value authentication for the purported offer email to Joshua Daniel on February 8, 2018 and the acceptance email from Joshua Daniel pursuant to Fed. R. of Evid. 902(14). see (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff ¶12).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

116. Defendants failed to provide hash value authentication for the purported offer email to HaLana Thompson on May 25, 2018 and the acceptance email from HaLana Thompson pursuant to Fed. R. of Evid. 902(14). see (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff ¶12).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary

judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

117. Defendants did not disclose to EEOC that Defendants offered the 2018/19 Residency position after June 15, 2018 (PSOF 53,62,74(a),85).

**ANSWER:** Defendants object to this statement as not material to the matters at issue in this case. Defendants also object to this statement as improperly repetitive of statement No. 34. Defendants further object to this statement because it lacks evidentiary support and because it is based on materials that are not admissible as evidence. Defendants also object to this statement because Defendants' EEOC Position Statement is not competent or admissible evidence of any material fact in this litigation. Subject to and without waiving the foregoing objections, Defendants admit that they did not represent to the EEOC that they made offers for the 2018-2019 CPE Residency after June 15, 2018. (Def's Facts, ¶¶ 16-18, 21).

118. Schiff's declaration in this case deviated from the procedures adhered to in other cases he was expert (Doc. #273, p. 4; Tab C, Exhibit 3, Forensic Best Practices, pp.41-42)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

119. Schiff did not attest that metadata established the offer email dated January 9, 2018 or provide hash value authentication to show that Defendants offered a position to Kathleen North-Wilhelm on January 9, 2018 (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters

containing legal argument.

120.    Schiff did not attest that metadata established the offer email dated January 9, 2018 or provide hash value authentication to show that Defendants offered a position to Ariell Watson on January 9, 2018 (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

121.    Schiff did not attest that metadata comport with the content of the offer emails dated February 8, 2018 (Doc. #298, Tab J, DSOF, Declaration of Yaniv Schiff ¶12).

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

122.    Defendants' expert engagement email requested that the expert provide opinion as to whether the metadata associated with the msg version of the pdf document have been altered in any way, but the expert never addressed the ESI alteration question (Tab E, Exhibit 1, Defendants Expert, p. 2)

**ANSWER:**    Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment.  Defendants further object to this statement as not stating a fact material to the matters at issue in this case.  Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

123.    Schiff opinion is limited to dates and time emails were purportedly sent and received, not whether metadata comport with email content (Doc. 298, Tab J, DSOF, Declaration of Yaniv Schiff ¶11, Tab E, Exhibit 4, Defendants Expert, p. 1).

with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

124. Defendants have not established authenticity of relevant ESI produced in this case under Fed. R. of Evid. 902(14) because Defendants' expert certification failed to provide information that would be sufficient to authenticate Defendants ESI pursuant to Fed. R. of Evid. 902(14).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement because Plaintiff has failed to support it with any citation to materials in the record.

125. The expert engagement emails represented that the expert firm provided collection and forensic services to Defendants (Tab E, Exhibit 5, Defendants Expert, p. 4)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

126. Defendants produced expert service invoice No. XDD003184 for 2.5 hours of hosting, showing an hourly cost of $250 and a total service hour of $625. Defendants produced another expert invoice No. XDD005666 for 8 hours of hosting, showing an hourly cost of $250 and a total service hour of $2000 (Tab E, Exhibit 2, Defendants Expert).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters

containing legal argument.

127. The expert declaration represented an hourly expert fee of $375/hr (Doc. #298, DSOF, Declaration of Yaniv Schiff, ¶ 9).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

128. Defendants failed to show how their expert relied on an electronic process that generate accurate results and Defendants failed to provide any documentation regarding collection and processing of ESI protocol (Doc. #273, pp. 4,6). Instead, Defendants represented that relevant expert documents are missing (Tab E, Exhibit 3, Defendants Expert. pp. 7-8).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

129. Magistrate Judge Harjani's in camera review was limited to date and time. It did not authenticate that metadata comport with the email contents (Doc. #177) and the magistrate judge is not a forensic expert.

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Subject to and without waiving the foregoing objections, admitted.

127. According to Schiff and his team, pst file format is the common form of data used in litigation matters is a pst and Defendants did not provide pst file format in this case (Tab C, Exhibit 3, Forensic Best Practices, p. 39).

matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not supported by admissible or competent evidence.

128. According to Schiff and his team, pst file is created in the normal course of email usage and saved on a computer or file server and an existing pst can be collected into an evidence container and validated through traditional hash comparison (Tab C, Exhibit 3, Forensic Best Practices, p. 39).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Defendants further object to this statement as not supported by admissible or competent evidence.

129. Bradley testified that the pastoral department has a shared drive dedicated to clinical pastoral education application materials, separate from patient/health information (Tab B, Exhibit 2, Bradley Depo., p.43).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Subject to and without waiving the foregoing objections, Defendants dispute that the cited material shows that Bradley testified that the shared drive was separate from patient/health information.

130. Defendants did not provide ESI in native pst format and represented on the record that providing the clinical pastoral education application materials in pst format "may lead to the identification of patients" information (Doc. #200, p. 4).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary

at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Subject to and without waiving the foregoing objections, admitted.

131. Defendants did not provide any email from the Pastoral_care@nmh.org and the Pastoral Services email accounts identified during deposition (Tab B, Exhibit 2, Bradley Depo., p. 11).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument. Subject to and without waiving the foregoing objections, admitted.

132. Stiofan O'Murchadha purportedly replied to an April 12, 2018 email two hours before Susan Curran actually sent the original email (Tab H, Exhibit 1, SO) Doc. #298, DSOF, Tab C, Akpa Dep., p. 193 ¶s19-24, p.194).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case.

133. Defendants officers instructed Stiofan O'Murchadha to postdate his application his application materials (Tab F, Exhibit 5, General Documents, p. 40)

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

133. Akpa provided all the facts and the supporting evidence to Defendants prior to Defendants filing their motion for summary judgment (Doc. #298, DSOF, Tab C, Akpa Depo., pp. 150-55).

**ANSWER:** Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary

judgment. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

134.     Elizabeth Naccarato provided the documents Defendants utilized in this case (Tab B, Exhibit 3, Naccarato Dep., p. 146).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

135.     Defendants' Motion for Summary Judgment (Doc. #295) fail to provide a Notice to Unrepresented Litigants Opposing Summary Judgment pursuant to Local Rule 56.2.

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

136.     The page numbers on Defendants' Exhibits in support of the Motion for Summary Judgment is not legible (Doc. #298).

**ANSWER:**     Defendants object to this statement because it violates LR 56.1(d)(5)'s limitation with respect to the number of statements of additional fact allowed a party opposing summary judgment. Defendants further object to this statement as not stating a fact material to the matters at issue in this case. Defendants also object to this statement because it violates LR 56.1(d)(4) by containing legal argument.

NORTHWESTERN MEMORIAL HEALTHCARE
And NORTHWESTERN MEMORIAL HOSPITAL


By:    s/Becky L. Kalas
        Attorney for the Defendants
        Becky L. Kalas
        IL ARDC #:  6279983

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS ("PSOF")** was filed electronically with the Northern District of Illinois on November 11, 2022, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

Service of this NOTICE was accomplished electronically through the ECF System on the following ECF registered filing users:

Valentine Akpa, Plaintiff (Vanduit2018@gmail.com)

s/Becky L. Kalas
Attorney for Defendants
Becky L. Kalas
IL ARDC #:  6279983

Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

WSACTIVELLP:13542554.1